### In re GREAT SWEATS OF VIRGINIA, INC., Debtor.

### Civ. A. No. 89–00464–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 27, 1989.

Bruce E. Arkema and Stanley K. Joynes, III, Rilee, Cantor, Arkema and Edmonds, P.C., Richmond, Va., for debtor.

Kevin R. Huennekens, trustee, Maloney, Yeatts & Barr, Richmond, Va.

Jeffery Oppleman, Zwerdling and Oppleman, Richmond, Va., for Crestar Bank.

## MEMORANDUM AND ORDER

SPENCER, District Judge.

Rilee, Cantor, Arkema and Edmonds, P.C. ("RCA & E"), counsel to debtor Great Sweats of Virginia, Inc., appeals the bankruptcy court's final orders entered on July 17 and 18, 1989, allowing RCA & E compensation for professional services in the amount of $15,000.00. The Court heard argument on September 25, 1989 and the matter is now ripe for decision. For the reasons stated below, the Court will vacate that portion of the bankruptcy court's order fixing compensation and remand the case for reconsideration in light of the standards set forth in this memorandum.

### I

Appellant RCA & E represented Great Sweats of Virginia, Inc., a retail seller of athletic clothing, in Chapter 11 proceedings before the bankruptcy court. Eventually, the case was converted to a liquidation proceeding under Chapter 7. Following the conversion, appellant sought compensation for its performance during the Chapter 11 proceeding. Appellant requested attorneys' fees in the amount of $22,152.50. The bankruptcy court expressed dissatisfaction with appellant's handling of a preference action as well as with the results achieved in the case. Applying "the Fourth Circuit Guidelines" to the matter, the bankruptcy court allowed compensation in the amount of $15,000.00.

### II

The bankruptcy court's reference to "the Fourth Circuit Guidelines" indicates a reliance on the 12–factor test set forth in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.1978), and applied to the determination of fee awards in bankruptcy by *Harman v. Levin,* 772 F.2d 1150 (4th Cir.

1985).[1] The *Barber* factors are adopted from the Fifth Circuit's decision in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (1974). *Barber*, 577 F.2d at 226. This method of calculating fees is unsatisfactory because its emphasis on a group of often subjective factors "place[s] unlimited discretion in trial judges and produce[s] disparate results." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986).

Dissatisfaction with the 12–factor method prompted the Third Circuit to develop another approach to the calculation of attorneys' fees, the "lodestar" method. The Third Circuit's approach involved two steps. First, the court multiplied the hours spent on a case by a reasonable hourly fee; this produced the "lodestar" figure. Second, the court might adjust this lodestar figure according to "(1) the contingent nature of the case, reflecting the likelihood that hours were invested and expenses incurred without assurance of compensation; and (2) the quality of the work performed as evidenced by the work observed, the complexity of the issues and the recovery obtained." *Id.* (quoting *Merola v. Atlantic Richfield Co.*, 515 F.2d 165, 168 (3d Cir.1975); *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 117 (3d Cir.1976)). This lodestar approach "provided a more analytical framework for lower courts to follow than the unguided 'factors' approach provided by *Johnson.*" *Delaware Valley*, 478 U.S. at 563, 106 S.Ct. at 3097. The adjustments to this lodestar figure, however, continued to allow for arbitrary fee awards. *Id.*

In a series of opinions beginning with *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court developed the process for calculating a reasonable attorney's fee. The *Hensley* approach combined the *Johnson* and the lodestar methods of calculation, but emphasized that many of the *Johnson* factors were "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9. In *Blum v. Stenson*, 465 U.S. 886, 897–99, 104 S.Ct. 1541, 1548–49, 79 L.Ed.2d 891 (1984), the Supreme Court further restricted the calculation, holding that the initial lodestar figure was presumed to be a reasonable fee and that modification of that figure should occur only rarely. Finally, in *Delaware Valley*, the Supreme Court stated that "[i]n short, the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." 478 U.S. at 566, 106 S.Ct. at 3098.

## III

The lodestar approach, as refined by the Supreme Court, provides a clear framework for calculating a reasonable attorney's fee. The method is clear and crisp, and the judge and counsel involved know the criteria in advance. The strong presumption that the product of reasonable hours times a reasonable rate represents a proper fee reduces the risk of arbitrary awards without eliminating the discretion necessary in fee decisions.

The lodestar approach developed by the Supreme Court is clearly superior to the *Barber* method of fee calculation presently employed by the bankruptcy court. Accordingly, the Bankruptcy Court for the Eastern District of Virginia, Richmond Division, shall henceforth uniformly apply the lodestar method for calculating attorneys' fees. All judges of the United States Dis-

---

1. *Harman* lists the twelve factors that a court fixing a fee award must consider: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Harman*, 772 F.2d at 1152 n. 1 (quoting *Barber*, 577 F.2d at 226 n. 28).

trict Court for the Eastern District of Virginia, Richmond Division, are in accord with this decision.

That portion of the bankruptcy court's final order fixing appellant's compensation is hereby VACATED and the case is REMANDED for reconsideration in light of the standards set forth in this memorandum.